IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

SCHOOL-LINK TECHNOLOGIES, INC.,

    Plaintiff,

    v.                                        Case No. 05-2088-JWL

APPLIED RESOURCES, INC.,

    Defendant.

_____

**MEMORANDUM AND ORDER**

This case involves a business dispute between the plaintiff School-Link Technologies, Inc. and defendant Applied Resources, Inc. arising from Applied Resources supplying School-Link with personal access devices and kiosks for use in school food service programs. This matter comes before the court on Plaintiff's Motion to Dismiss Defendant's Fifth Counterclaim (Doc. 22). For the reasons explained below, School-Link's motion is granted.

Applied Resources' fifth counterclaim asserts that School-Link breached a "Non-Disclosure and Confidentiality Agreement" by using Applied Resources' proprietary information to obtain a contract with the New York City Department of Education. Applied Resources now asks the court to dismiss this counterclaim on the grounds that the agreement contains a forum selection clause which provides that "[a]ny and all actions, claims or lawsuits arising from this Agreement are to be brought in Los Angeles, California." The court has already determined in a prior Memorandum and Order that this forum selection clause is valid and enforceable as to Applied Resources' fifth counterclaim. *See School-Link Techs., Inc. v.*

*Applied Resources, Inc.*, No. 05-2088-JWL, 2005 WL 1799259, at *3-*4 (D. Kan. July 1, 2005). But, in that order the court determined that transfer of the claim to the United States District Court for the Central District of California was unwarranted. Significantly, at that time School-Link had asked the court to transfer the entire case or the counterclaim, but not to dismiss the counterclaim. *See id*. at *2 n.1 (noting that School-Link was arguably entitled to dismissal of the counterclaim but had only sought transfer and therefore the court would confine its analysis accordingly). School-Link now asks the court to dismiss the counterclaim.

As a threshold matter, the court must address Applied Resources' argument that the consolidation and waiver principles set forth in Fed. R. Civ. P. 12(g) and (h)(1) bar School-Link from making a second motion based on improper venue. Rule 12(g) provides, in relevant part, that

> [a] party who makes a motion *under this rule* may join with it any other motions herein provided for and then available to the party. If a party makes a motion under this rule but omits therefrom any defense or objection then available to the party which this rule permits to be raised by motion, the party shall not thereafter make a motion based on the defense or objection so omitted . . . .[1]

(Emphasis added.) Rule 12(h)(1) further provides that a defense of improper venue is waived "if omitted from a motion in the circumstances described in subdivision (g)." The prohibition against successive motions, however, only applies to motions "under this rule," meaning Rule 12 motions. 5C Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1386, at 485 (3d ed. 2004). Thus, if School-Link's prior motion to transfer constituted a

---

[1] An exception to this rule exists for the defenses listed in Rule 12(h)(2), but none of those defenses are implicated in this case.

2

motion for improper venue under Rule 12(b)(3), then the current Rule 12(b)(3) motion to dismiss would be barred as a successive Rule 12 motion that was not consolidated with the first motion and, hence, waived.

The court concludes that School-Link's prior motion was not a Rule 12 motion. Although School-Link cited Rule 12(b)(3) and 28 U.S.C. § 1404(a) as the grounds for its motion, the motion was technically made under the transfer statute. *See* 5B Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1352, at 326-27 (3d ed. 2004) (motions to transfer are technically made under § 1404(a) rather than under Rule 12(b)(3)); *cf. Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 28-31 (1988) (instructing courts to use a § 1404(a) analysis in deciding whether to transfer a case on the grounds of a forum selection clause); *School-Link Techs., Inc.*, 2005 WL 1799259, at \*2-\*6 (analyzing School-Link's motion under a § 1404(a) analysis). Accordingly, the current Rule 12(b)(3) motion is not a successive Rule 12 motion that is barred by the consolidation and waiver principles of Rules 12(g) and (h)(1). *Cf. Red Wing Shoe Co. v. B-JAYS USA, Inc.*, No. 02-257, 2002 WL 1398538, at \*2 (D. Minn. June 26, 2002) (holding a defendant who had previously filed a Rule 12 motion was not barred from bringing a § 1404(a) transfer motion because it was not a Rule 12(b)(3) motion); *Catalano v. BRI, Inc.*, 724 F. Supp. 1580, 1583 (E.D. Mich. 1989) (finding a prior Rule 12 motion did not bar a § 1404(a) transfer motion because Rule 12(g) only applies to motions to dismiss for improper venue).

For essentially the reasons stated in the court's prior order — namely, that the mandatory forum selection clause is valid and enforceable as to Applied Resources' fifth

counterclaim — School-Link's motion to dismiss is granted. In so holding, the court wishes to distinguish its prior ruling from its current ruling. In School-Link's prior motion, School-Link sought transfer of the entire case or, alternatively, only the fifth counterclaim. The Supreme Court has instructed courts to evaluate the propriety of transfer based on a forum selection clause under the criteria applicable to § 1404(a) motions. *See Stewart Org., Inc.*, 487 U.S. at 28-31. The court applied these criteria and determined that transfer was unwarranted. Critically, at that time School-Link had not asked the court to dismiss the counterclaim, which would have placed the issue outside the realm of the § 1404(a) analytical framework. With the issue now presented as a motion to dismiss, the counterclaim is clearly subject to dismissal in light of the valid and enforceable forum selection clause. *See Publicis Commc'n v. True N. Commc'ns Inc.*, 132 F.3d 363, 365-66 (7th Cir. 1997) (district court erred by not dismissing compulsory counterclaim that was subject to a forum selection clause); *E & J Gallo Winery v. Morand Bros. Beverage Co.*, 247 F. Supp. 2d 979, 983 (N.D. Ill. 2003) (dismissing counterclaims governed by California forum selection clause).

Lastly, the court wishes to address the fact that another lawsuit is currently pending between the parties in the Central District of California. Since the court's prior order denying School-Link's motion to transfer, School-Link filed a lawsuit against Applied Resources in California alleging breach of the Non-Disclosure and Confidentiality Agreement. Applied Resources asked the district court in California to dismiss that case on the grounds that School-Link was attempting to circumvent this court's order denying transfer. The district court in California ultimately denied the motion and sua sponte indicated that it would transfer

that action to this court. This court wishes to clarify that it sees nothing wrong with School-Link filing a separate lawsuit in California based on claims arising from the Non-Disclosure and Confidentiality Agreement because those claims are subject to the mandatory forum selection clause. Indeed, California is the forum where those claims should have been brought — both by School-Link and by Applied Resources. The court's prior order only addressed the issue of the *propriety of transfer* due to the forum selection clause. The reasons for the California district court's order are unclear from the record currently before the court, but the court suspects that the first-filed rule may have impacted that court's decision and the court wishes to alleviate any such concerns. Additionally, the court wishes to clarify that its prior order was not intended to suggest that this court believes that all of the parties' claims should be decided here. The current posture of the case is solely attributable to the fact that School-Link previously moved to transfer, not dismiss, Applied Resources' fifth counterclaim. The parties are advised that, if the California case is ultimately transferred to this court,[2] on motion from either party the court would likely transfer any aspects of that case that are subject to the forum selection clause back to California.

---

[2] It does not appear that a final order has been filed yet in the California case and therefore the parties may wish to act promptly by asking the district court in California to reconsider this issue.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion to Dismiss Defendant's Fifth Counterclaim (Doc. 22) is granted. That claim is dismissed without prejudice to be re-filed in a venue that is proper under the forum selection clause.

**IT IS SO ORDERED** this 16th day of September, 2005.

s/ John W. Lungstrum<br>
John W. Lungstrum<br>
United States District Judge