DJW/mac

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

SCHOOL-LINK TECHNOLOGIES,
INC.,

           Plaintiff,                      CIVIL ACTION

v.                                             Case No. 05-2088-JWL-DJW

APPLIED RESOURCES, INC.,

           Defendant.

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant's Motion for Leave to File Amended Answer (doc. 63). Defendant seeks leave to amend its Answer (doc. 5) to address Plaintiff's claim for breach of warranty, which was added by Plaintiff's Amended Complaint (doc. 21). Plaintiff opposes the motion arguing that Defendant's motion should be treated as a motion for leave to file an untimely pleading because Defendant failed to file a responsive pleading to its Amended Complaint within the time permitted under Fed. R. Civ. P. 15(a). Plaintiff contends that Defendant has not shown excusable neglect and it would be prejudiced by allowing Defendant to amend its answer at this late date. As explained below, the motion will be denied.

Defendant's Motion requests leave to file an Amended Answer to Plaintiff's Amended Complaint pursuant to Rule 15(a) of the Federal Rules of Civil Procedure. Rule 15 allows a party to amend the party's pleading once as a matter of course before a responsive pleading is served.[1] Subsequent amendments are allowed only by leave of court or by written consent of the adverse

---

[1]Fed. R. Civ. P. 15(a).

party.[2]  Leave to amend, however, is to be "freely given when justice so requires,"[3] and the Supreme Court has emphasized that "this mandate is to be heeded."[4]  The decision to grant leave to amend, after the permissive period, is within the district court's discretion and will not be disturbed absent abuse of that discretion.[5]  Leave to amend should be denied when the court finds "undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment."[6]  In addition, a court may find "untimeliness alone sufficient reason to deny leave to amend, 'especially when the party filing the motion has no adequate explanation for the delay.'"[7]

Defendant's motion comes before the Court without any explanation of the fifteen month delay in seeking leave to amend.  The Amended Complaint was filed on July 26, 2005, and under Fed. R. Civ. P. 15(a), Defendant's answer was due ten days thereafter.  Defendant filed the present motion for leave to amend its answer on October 30, 2006, fifteen months after Plaintiff filed its Amended Complaint, and only two weeks prior to the close on all discovery on November 15, 2006. Defendant's motion provides no explanation for the delay.

Plaintiff further argues that it would prejudiced by allowing Defendant to file its Amended Answer at this late date because during the time period between filing the Amended Complaint and the close of discovery, it did not conduct discovery with respect to its claim for breach of warranty

---

[2]*Id.*

[3]*Id.*

[4]*Foman v. Davis*, 371 U.S. 178, 182 (1962).

[5]*Woolsey v. Marion Labs., Inc.*, 934 F.2d 1452, 1462 (10th Cir. 1991).

[6]*Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993).

[7]*Pallotino v. City of Rio Rancho*, 31 F.3d 1023, 1027 (10th Cir. 1994).

because Defendant had neither admitted nor denied the claim. The unexplained delay and the undue prejudice an amendment would cause at this point in the case persuade the Court to deny the Motion for Leave to File an Amended Answer. Thus, under the standard for deciding motions to amend, the Court finds that Defendant's motion should be denied.

The Court next considers Defendant's motion as a motion for leave to file an untimely pleading. Even under this standard, Defendant's motion will be denied. Under Rule 15(a) of the Federal Rules of Civil Procedure, after an amended complaint is served on a party, that party is given 10 days to file a response.[8] A party may receive leave to file an untimely pleading only when the failure to act was the result of excusable neglect.[9] In determining whether the excusable neglect standard is met, courts should consider all relevant circumstances, including: (1) the danger of prejudice to the nonmoving party, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the movant acted in good faith.[10] Defendant has failed to address any of the circumstances that would permit the Court to determine whether the excusable neglect standard has been met. Defendant has not offered any reason for the lengthy delay in time before filing its motion or addressed the danger of prejudice to Plaintiff. Accordingly, the Court, considering Defendant's motion as one for leave to file an untimely pleading, denies the same.

IT IS THEREFORE ORDERED THAT Defendant's Motion for Leave to File Amended Answer (doc. 63) is denied.

---

[8] Fed. R. Civ. P. 15(a); D. Kan. Rule 15.1.

[9] Fed. R. Civ. P. 6(b)(2); D. Kan. Rule 6.1(a).

[10] *Zhou v. Pittsburg State Univ.*, 252 F. Supp. 2d 1194, 1208 (D. Kan. 2003) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. L.P.*, 507 U.S. 380, 395 (1993)).

IT IS SO ORDERED

Dated in Kansas City, Kansas on this 29th day of November, 2006.

                                                                                                 s/ David J. Waxse
                                                                                                  David J. Waxse
                                                                                                  United States Magistrate Judge

cc:     All counsel