**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

SCHOOL-LINK TECHNOLOGIES,
INC.,

                Plaintiff,                      CIVIL ACTION

      v.                            Case No. 05-2088-JWL

APPLIED RESOURCES, INC.,

                Defendant.

## MEMORANDUM AND ORDER

This case involves a business dispute between Plaintiff School-Link Technologies, Inc. and Defendant Applied Resources, Inc. arising from Defendant's refusal to deliver computer hardware components for school cafeteria kiosks to Plaintiff because of Plaintiff's alleged breach of contract. This matter is before the Court on Plaintiff's Motion for Spoliation and Rule 37 Sanctions (doc. 80). Plaintiff moves the Court for its order for judgment and other sanctions based upon Defendant's failure to (1) implement a litigation hold to preserve relevant documents in the custody of one of its key employees, (2) search for and produce documents responsive to Plaintiff's discovery requests, and (3) produce two of its executives for their noticed depositions. For the reasons set forth below, the motion is granted in part and denied in part.

## I.   Alleged Discovery Violations and Sanctions Sought

Plaintiff alleges that Defendant violated its legal discovery obligations when it failed to implement a litigation hold to preserve evidence relevant to the parties' litigation in the custody of one of its employees, Kristi Noyes, and when it failed to adequately search for and

gather documents responsive to Plaintiff's discovery requests. It further alleges that Defendant willfully and wrongfully refused to produce Defendant's chief executive officer and chief operating officer for their agreed-upon depositions on October 10, 2006. It requests sanctions, including an adverse inference instruction, exclusion of all evidence obtained from Kristi Noyes, fees and costs for reappearing to conduct the depositions where Defendant failed to produce the witnesses, judgment in favor of Plaintiff on Defendant's counterclaims, and exclusion at trial of witnesses who failed to appear at their depositions.

Defendant urges the Court to deny Plaintiff's motion due to Plaintiff's failure to confer before filing the motion. It further argues that any alleged spoilation was of Plaintiff's own records created by Ms. Noyes in her capacity as an employee of Plaintiff, it filed motions to quash the depositions at issue that the Court has already ruled on, and the depositions sought have been taken.

## II.    Duty to Confer

As an initial matter, Defendant urges the Court to deny Plaintiff's Motion because Plaintiff has failed to satisfy its duty to confer prior to filing the motion. Defendant claims that Plaintiff's efforts to resolve the discovery disputes fail to meet the requirements of the Federal Rules, this Court's local rules, and the directives of this Court.

Federal Rule of Civil Procedure 37 requires the movant to make a good faith attempt to resolve the discovery dispute before filing a motion to compel discovery responses. The motion to compel must include a certification of the effort to resolve the dispute.[1]

In conjunction with Fed. R. Civ. P. 37, District of Kansas Rule 37.2 provides:

---

[1] *Id.*

> The court will not entertain any motion to resolve a discovery dispute pursuant to Fed. R. Civ. P. 26 through 37 . . . unless counsel for the moving party has conferred or made reasonable efforts to confer with opposing counsel concerning the matter in dispute prior to the filing of the motion. A "reasonable effort to confer" . . . requires that the parties in good faith converse, confer, compare views, consult and deliberate, or in good faith attempt to do so.[2]

The purpose of the local rule is to encourage the parties to satisfactorily resolve their discovery disputes prior to resorting to judicial intervention.[3] Meet and confer requirements are not satisfied "by requesting or demanding compliance with the requests for discovery."[4] The parties must determine precisely what the requesting party is actually seeking; what responsive documents or information the discovering party is reasonably capable of producing; and what specific, genuine objections or other issues, if any, cannot be resolved without judicial intervention.[5]

Plaintiff argues that it has met it duty to confer before filing this motion. It asserts that it conferred with Defendant's counsel at the depositions, in letters and e-mails, as well as a face-to-face conversation. The Court finds that Plaintiff has satisfied its duty to confer with regard to this motion.

## III.   Discussion and Analysis

### A.   Failure to implement litigation hold

---

[2] D. Kan. Rule 37.2 (2006).

[3] *VNA Plus, Inc. v. Apria Healthcare Group, Inc.*, No. Civ. A. 98-2138-KHV, 1999 WL 386949, at *1 (D. Kan. June 8, 1999).

[4] *Cotracom Commodity Trading Co. v. Seaboard Corp.*, 189 F.R.D. 456, 459 (D. Kan. 1999).

[5] *Id.*

Plaintiff alleges that Defendant violated its legal obligations when it failed to implement a litigation hold that would have preserved documents in the custody of Ms. Noyes. These allegations arise from Ms. Noyes' deposition testimony, taken on September 21, 2006, that she had never been contacted by Defendant or its attorneys and instructed to search, gather, and preserve documents relevant to this litigation. She further testified that she received no request or instructions to search her computer and hard copies files for documents that were requested by Plaintiff. When Plaintiff's counsel inquired whether she had ever searched her computer and home for documents related to the lawsuit, she answered affirmatively that she had and explained that no one had asked her to do so, she did it on her own. She further testified that she decided, without being directed to do so, to search her computer and home for documents relevant to the parties' dispute and to send those documents to Defendant's chief executive officer, Brooks Lilly.

Prior to her employment with Defendant beginning in January 2005, Ms. Noyes was Director of National Accounts for Plaintiff throughout the time period that Plaintiff had a business relationship with Defendant. While employed with Plaintiff, she worked on the Request for Proposal for the New York City Department of Education ("NYCDOE") to provide a cafeteria payment system. The work Ms. Noyes performed for Plaintiff routinely occurred out of her home, where received both paper and electronic documents related to that work. She continued in a consulting role with Plaintiff for six months after her full-time employment ended and after she accepted a position with Defendant. After her consulting role ended with Plaintiff, she kept many documents and folders pertaining to that consulting work. At three different times after she began working for Defendant, in October 2005, November 2005, and

April 2006, current employees of Plaintiff contacted Ms. Noyes and requested that she provide them with documents relating to her work with Plaintiff. Ms. Noyes thus was in the unusual position of having custody of documents and information that related to her former employment and consulting work for Plaintiff, as well as having custody of other documents and information pertaining to her current employment with Defendant.

The day after Ms. Noyes' deposition, Plaintiff's counsel sent Defendant a letter stating it was "deeply troubled by defendant's document production and potential spoliation in light of Ms. Noyes testimony. As you know, Ms. Noyes testified that other than documents she self-servingly (and improperly) self-selected and sent to [Defendant's CEO] outside the scope of this litigation, she has neither gathered, or been asked, to gather documents responsive to [Plaintiff's] document requests. Instead, she has destroyed documents despite having voluminous, responsive documents."[6]

In response to this letter, Defendant produced the entire contents of all folders on Ms. Noyes' computer dealing with Defendant or the NYCDOE, a total of over 6,000 images, much of which was duplicative of what had already been produced by Defendant. This production was accompanied with an offer to produce Ms. Noyes for further deposition, if any of the documents should have been disclosed previously.

Plaintiff's present motion seeks an order sanctioning Defendant for the alleged spoliation of documents and information resulting from Defendant's failure to preserve potential evidence by failing to direct its employee, Ms. Noyes, to gather and preserve any documents or information relating to the lawsuit.

---

[6]Ex. 6 to Pl.'s Mot. for Sanctions (doc. 81).

Spoliation is "the destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation."[7]  A litigant has a duty to preserve evidence that it knows or should know is relevant to imminent or ongoing litigation.[8]  Such preservation may not be "selective," saving only the evidence supporting a theory of liability and impeding the examination of another theory.[9]

A party can only be sanctioned for destroying evidence that it had a duty to preserve, and such duty "arises when the party has notice that the evidence is relevant to litigation or when a party should have known that the evidence may be relevant to future litigation."[10]  However, a corporation, upon recognizing the threat of litigation, need not preserve "every shred of paper, every e-mail or electronic document, and every backup tape."[11]  Instead, the duty to preserve extends to any documents or tangible things made by individuals "likely to have discoverable information that the disclosing party may use to support its claims or defenses."[12]  The duty also extends to documents prepared for those individuals and to information that is relevant to the claims and defenses of any party, or which is "relevant to the

---

[7]*Zubulake v. UBS Warburg, LLC,* 229 F.R.D. 422, 430 (S.D.N.Y. 2004) ("*Zubulake V*").

[8]*Workman v. AB Electrolux Corp*., No. 03-4195-JAR, 2005 WL 1896246, at *5-7 (D. Kan. Aug. 08, 2005) (citing *Jordan F. Miller Corp. v. Mid-Continent Aircraft Serv., Inc.,* 139 F.3d 912 (Table), 1998 WL 68879, at *5 (10th Cir. Feb. 20, 1998) (unpub.).

[9]*Id.* (citing *Northern Assur. Co. v. Ware*, 145 F.R.D. 281, 284 (D.Me. 1993)).

[10]*Zubulake v. UBS Warburg LLC,* 220 F.R.D. 212, 216 (S.D.N.Y. 2003) (""*Zubulake IV*").

[11]*Id.* at 217.

[12]*Id.* at 218.

subject matter involved in the action."[13] Thus, the duty to preserve extends to those employees likely to have relevant information, i.e. the "key players" in the litigation.[14]

While the scope of the duty to preserve evidence is not boundless, at a minimum, an opportunity for inspection should be afforded a potentially responsible party before relevant evidence is destroyed.[15] Once a party reasonably anticipates litigation, it must suspend its routine document retention/destruction policy and put in place a litigation hold to ensure the preservation of relevant documents.[16]

The Court finds that Defendant had a duty to preserve documents and information relevant to the dispute between it and Plaintiff and that duty extended to Ms. Noyes as she was a "key player" in the litigation due to her involvement with the negotiations between Plaintiff and Defendant, as well as with Plaintiff's Request for Proposal on the NYCDOE project. The Court further finds that Defendant breached that duty by failing to instruct Ms. Noyes to gather and preserve any documents or information relating to the lawsuit.

Notwithstanding the Court's finding that Defendant breached its duty to implement a litigation hold and oversee compliance with the litigation hold by its failure to instruct Ms. Noyes to gather and preserve relevant documents, there has been no showing that, due to this breach, relevant documents and information were destroyed by Ms. Noyes.

---

[13]*Id.*

[14]*Id.*

[15]*Workman*, 2005 WL 1896246, at *5-7(citing *Baliotis v. McNeil*, 870 F. Supp. 1285, 1289 (M.D. Pa.1994)).

[16]*Zubulake V,* 229 F.R.D. at 431.

Plaintiff argues that Ms. Noyes' testimony that Defendant never directed her to gather and preserve documents and information relating to the parties dispute supports its claims of spoliation. The difficulty with this argument is that Plaintiff has not identified what documents and information were allegedly destroyed by Ms. Noyes. Identification of these documents is necessary here so that the Court can determine whether the documents or information are relevant to the claims or defenses in the case and whether Plaintiff is thereby prejudiced by the loss of this relevant evidence. The matter is further confused by the lack of clarity as to whose documents and information were alleged destroyed by Ms. Noyes. Defendant claims that the alleged spoliation was of Plaintiff's own documents and information created by Ms. Noyes during the course of her employment with Plaintiff. Ms. Noyes' employment with both Plaintiff and Defendant during adjacent and overlapping time periods resulted in her being in possession of documents and information belonging to Plaintiff, as well as documents and information belonging to Defendant.

The Court finds that Plaintiff has failed to establish that any spoliation of relevant evidence occurred. Ms. Noyes deposition testimony that Defendant failed to direct her to gather and preserve documents and information relating to the parties' litigation is not sufficient to conclude that she must have destroyed relevant evidence. Plaintiff's motion for sanctions for spoliation resulting from Defendant's failure to implement a litigation hold is therefore denied.

### B.    Failure to search for and gather responsive documents

Plaintiff also alleges that Defendant should be sanctioned for its failure to search for and gather documents responsive to Plaintiff's discovery requests. In support of this allegation,

Plaintiff points to Ms. Noyes' testimony that she was never contacted by Defendant or its attorneys about documents she should gather or produce in this litigation or instructed to search for requested documents.  Plaintiff contends that Defendant's failure to abide by its obligations to preserve, gather, and forward documents responsive to Plaintiff's discover requests was negligent and sanctions are appropriate.

A party's discovery obligations do not end with the implementation of a "litigation hold."[17]  Counsel must oversee compliance with the litigation hold, monitoring the party's efforts to retain and produce the relevant documents.[18] Proper communication between a party and her lawyer will ensure (1) that all sources of relevant information is discovered, (2) that relevant information is retained on a continuing basis; and (3) that relevant non-privileged material is produced to the opposing party.[19]

Attached to Defendant's response is the affidavit of defense counsel, which states that at the onset of litigation, counsel instructed Defendant to preserve all relevant documents whether in paper or electronic form.[20]  He further instructed them to gather all relevant documents that might be used to support its claims or defense, resulting in the collection of over 7,500 pages of both paper and electronic documents.

The Court finds that the damaging testimony given by Ms. Noyes that she was not directed by counsel or her employer to gather and preserve documents relevant to the litigation

---

[17]*Id.* at 432.

[18]*Id.*

[19]*Id.*

[20]Attach. 2 to Def.'s Res. to Pl.'s Mot. for Sanctions (doc. 90).

suggests that counsel for defendant was not diligent in overseeing and monitoring to ensure that Defendant was compliant with the litigation hold and its efforts to retain and produce all relevant documents.  Defendant subsequently produced every document from every folder on Ms. Noyes' computer pertaining to the NYCDOE and offered to produce Ms. Noyes for further deposition at its expense, in an apparent attempt to correct the oversight in not contacting Ms. Noyes earlier regarding documents in her possession.  Although Defendant attempts to show that it has produced all documents and information, including those in the custody of Ms. Noyes, responsive to Plaintiff's discovery requests, the Court finds Defendant should be ordered to give Plaintiff further assurances that all of Ms. Noyes' documents and computer files responsive to Plaintiff's discovery requests have been produced.  The Court will therefore order that Defendant provide Plaintiff with an identical copy of the "memory stick" Ms. Noyes provided to Defendant's counsel referenced in her December 18, 2006 affidavit,[21] and that Defendant certify that it has produced all information within its possession, custody or control related to the claims and defenses in this litigation.

### C.    Failure to produce witnesses for noticed depositions

Plaintiff also seeks sanctions based upon Defendant's wrongful refusal to produce two of its executives, Brooks Lilly and Shannon Lilly, for their properly noticed depositions on October 10, 2006.  On September 11, 2006, Plaintiff served Notices of Deposition for Brooks Lilly and Shannon Lilly, which set their depositions by agreement for October 10, 2006 at the offices of defense counsel in Overland Park, Kansas.  Less than eighteen hours before the scheduled deposition, defense counsel advised Plaintiff's counsel that the witnesses would not

---

[21]Attach. 1 to Def.'s Res. to Pl.'s Mot. for Sanctions (doc. 90).

be appearing for the noticed depositions and filed a Motion to Quash Deposition Notices. Plaintiff's counsel appeared at the time and location set forth in the agreed-upon deposition notices. The witnesses did not appear and defense counsel confirmed he was refusing to produce the witnesses.

On October 30, 2006, the Court conducted a motion hearing regarding Defendant's Motion to Amend Scheduling Order to Extend Deadline for the Close of Discovery and Defendant's Motion to Quash Deposition Notices. After hearing the respective positions of the parties, the Court granted Defendant's request to extend the deadline for the close of discovery to November 15, 2006 and ordered that the depositions of Brooks Lilly and Shannon Lilly be completed by that date. The Motion to Quash Deposition Notices was denied as moot.

In its response to Plaintiff's Motion for Sanctions, Defendant states that Plaintiff's motion should be denied because the Court has already resolved the issue in Defendant's Motion to Quash Deposition Notice and the depositions of the witnesses were taken by Plaintiff on November 9 and 10, 2006.

The Court finds that Plaintiff's current motion seeking sanctions with regard to the witnesses' failure to appear at their October 10, 2006 scheduled depositions is simply a rehashing of the same allegations and arguments it asserted at the October 30, 2006 motion hearing on Defendant's Motion to Quash Deposition Notices. The Court has already heard and considered these allegations and arguments and ordered Defendant to produce the two witnesses for their depositions. Defendant represents to the court, and Plaintiff does not dispute, that Brooks Lilly and Shannon Lilly were subsequently produced for their depositions on November 9 and 10, 2006.

The Court finds that no sanctions are warranted for Defendant's last minute notification that it was refusing to produce the witnesses for their October 10, 2006 scheduled depositions. Although Defendant's Motion to Quash Deposition Notices was not filed forty-eight hours prior to the noticed time of the depositions, as required by D. Kan. Rule 26.2, the Court finds that Plaintiff has not shown how it was harmed by the late notice and untimely filing of the Motion to Quash Deposition Notices. The depositions were to be conducted in the Kansas City metropolitan area so there is no issue of significant travel time and expenses to the deposition site. While Plaintiff's counsel apparently did appear at defense counsel offices on October 10, the Court finds that he had sufficient notice of the cancellation of the depositions so as to avoid making the across-town trip to the deposition location. Counsel's time spent preparing for the depositions was not wasted as the witnesses did appear for their depositions a few weeks later. Plaintiff's request for sanctions based on Defendant's refusal to produce two witnesses for their October 10 depositions and the untimely filing of its Motion to Quash Deposition Notices is therefore denied.

**IT IS THEREFORE ORDERED THAT** Plaintiff's Motion for Spoliation and Rule 37 Sanctions (doc. 80) is granted in part and denied in part as set forth herein.

**IT IS FURTHER ORDERED THAT** <u>within five days of the date of this</u> <u>Memorandum and Order</u>, Defendant shall provide Plaintiff with (1) an identical copy of the "memory stick" Ms. Noyes referenced in her December 18, 2006 affidavit, and (2) a certification that it has produced all information within its possession, custody or control related to the claims and defenses in this litigation.

**IT IS SO ORDERED**.

Dated in Kansas City, Kansas on this 28th day of February, 2007.

s/ David J. Waxse
David J. Waxse
United States Magistrate Judge

cc:     All counsel